CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 07 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FRANK ERVIN ALTIZER, JR., | ) | CASE NO. 7:12CV00040 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| GEORGE HINKLE, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Frank Ervin Altizer, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the defendant, a prison administrator, violated Altizer's constitutional rights by failing to follow a prison policy to place a particular inmate automatically on Altizer's "enemy list." Altizer moves to proceed *in forma pauperis*. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Frank Altizer alleges the following sequence of events on which he bases his claims. On August 4, 2011, Altizer was seated at a table in the A-side of the dining hall at Augusta Correctional Center. Inmate D. Adams crept up behind Altizer and struck him on the lower right side of his head. The blow cut Altizer's ear and knocked him off his seat. He fell to the floor, losing consciousness for a moment. When Altizer regained consciousness and stood up, Adams appeared and "attempted to again physically assault" Altizer, who "assumed a defensive posture and prevented the additional physical assault." (ECF No. 1, p. 3-4.) Altizer denies that he said or did anything to provoke Adam's assault.

Shortly after the altercation, officers placed Altizer in handcuffs and escorted him to the medical unit for assessment and treatment, and then placed in him in the maximum security

special housing unit. Later that evening, Altizer made a written statement about the incident to Lieutenant K. J. Hayslett. Altizer asked Hayslett to view video surveillance footage of Adams' attack, but Hayslett refused.

The next day officers brought Altizer before the Institutional Classification Authority ("ICA"). Altizer asked the committee members to view the video footage of the incident, but they refused. Altizer filed an inmate complaint and then a grievance, asserting that Adams had committed an aggravated assault against him and that VDOC policy required officials to place Adams, automatically, on Altizer's enemy list. In response to this claim, an officer advised Altizer that he could make a request through his counselor to have Adams placed on his enemy list. Instead, Altizer continued to argue, through all the stages of the administrative remedy procedure, that if officials watched the video footage of the assault, it would prove that Adams' actions constituted an aggravated assault and that VDOC policy required officials to place Adams immediately on Altizer's enemy list.

Defendant Hinkle conducted the Level II review of Altizer's grievance about the Adams assault and found that none of his officers had violated policy by not viewing the video or by not automatically listing Adams as Altizer's enemy. Altizer asserts that Hinkle's "false" finding, that officers had not violated policy as Altizer asserted, "subject[ed] Altizer to a known unreasonable risk of serious physical injury." (ECF No. 1, p. 10.) Altizer sues Hinkle for these actions, demanding as relief an order commanding Hinkle to watch the video, make a written report of Adams' aggravated assault against Altizer on August 4, 2011, and disseminate it to all VDOC personnel as required to have Adams placed on Altizer's enemy list.

2

## II

The Prison Litigation Reform Act of 1995 substantially amended the *in forma pauperis* statute, 28 U.S.C. § 1915. The purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes"—those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim, unless the three-striker inmate shows "imminent danger of serious physical injury." § 1915(g).

The United States Court of Appeals for the Fourth Circuit has expressly recognized Altizer's status as a three-striker inmate under § 1915(g). *Altizer v. Deeds*, 191 F.3d 540, 544 (4th Cir. 1999) (discussing seven cases Altizer filed within six months, all of which the district court dismissed as frivolous under the former version of the *in forma pauperis* statute, 28 U.S.C. § 1915(d)).[1] As a three-striker, Altizer is barred from proceeding with this civil rights action absent prepayment of the $350.00 filing fee, unless he makes a showing that he was in imminent danger of serious physical harm "when he filed his complaint or at some time thereafter." *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006).

---

[1] The Court of Appeals noted additional "evidence that Altizer ha[d] filed at least 107 unmeritorious lawsuits in federal and state courts since he was incarcerated" and that he "appear[ed] to be the precise type of inmate that Congress had in mind when it passed the PLRA" to slow the stream of frivolous prisoner lawsuits. *Altizer*, 191 F.3d at 544, 544 n. 9.

3

> "[T]he [imminent danger] exception focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Id.*

*Id.*

Altizer's allegations fail to show that the conduct of which Altizer complains placed him in imminent danger of physical harm at the time he filed his complaint. Altizer states no facts indicating that Adams has threatened to harm him since August 2011, or that Adams would have any realistic opportunity to do so given the inmates' current housing situation. Moreover, Altizer's allegations do not indicate that he took the appropriate steps to have Adams placed on his enemy list, although officers advised Altizer of the proper procedure for doing so. Because Altizer has this available procedure by which he himself may request protection from Adams, Altizer has not demonstrated that officials' challenged refusal to place Adams automatically on the enemy list placed Altizer at risk of physical harm.

Based on the foregoing, the court finds that Altizer fails to demonstrate any imminent danger of serious physical harm in the complaint, and plaintiff has not paid the $350.00 filing fee despite being previously advised of having three strikes. Accordingly, the court denies Altizer's motion to proceed <u>in forma pauperis</u> and dismisses the complaint without prejudice under

4

§ 1915(g) for failure to pay the filing fee at the time of filing the complaint.[2] *See, e.g., Dupree v. Palmer*, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed *in forma pauperis*).

For the reasons stated, the court dismisses Altizer's complaint without prejudice, pursuant to § 1915(g). The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of February, 2012.

/s/ James C. Turk
Senior United States District Judge

---

[2] Altizer's complaint also fails to state any actionable claim under § 1983 and may be dismissed for that reason, pursuant to 28 U.S.C. § 1915A(b)(1). To prove a § 1983 claim that a prison official failed to protect him from injury by another inmate, plaintiff must prove that the official knew of an excessive risk to plaintiff's safety and failed to respond reasonably to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). For the reasons discussed, Altizer's allegations do not support a reasonable inference that the defendant knew his refusal to place Adams automatically on Altizer's enemy list, also placed Altizer at risk of serious physical injury. Moreover, the defendant's alleged violations of VDOC policy do not give rise to any independent claim actionable under § 1983, which is intended to vindicate only rights under federal law. *See Weller v. Dep't of Social Services*, 901 F.2d 387, 392 (4th Cir. 1990).